IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE W. FULCO,<br>    ID# 9111746,<br>        Petitioner, | §<br>§<br>§<br>§ | |
| v. | § | No. 3:25-CV-2951-K-BW |
| | § | |
| KAUFMAN COUNTY,<br>        Respondent. | §<br>§ | Referred to U.S. Magistrate Judge[1] |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, received on December 11, 2025. (Dkt. No. 13.) Based on the relevant filings and applicable law, the Court should **DISMISS** the petition without prejudice for failure to exhaust state remedies.

## I. BACKGROUND

George W. Fulco, a state pretrial detainee incarcerated at the Kaufman County Jail, brings this habeas action under 28 U.S.C. § 2241 to challenge his pretrial detention. (*See id.* at 2.) The petition names Kaufman County as the respondent. (*Id.* at 1.)

Fulco's petition alleges the following grounds for relief:

(1) Unlawfully arrested in Tyler Texas for possession of a dangerous drug;

(2) Unlawfully charged w/poss/cs< 1g;

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

    (3) Unlawful detention; and

    (4) Unlawful search and seizure under 4th Amendment to U.S. Constitution.

(*Id.* at 5-6 (capitalization altered).)  He seeks "[r]elease from confinement and dismissal of the current and future charge for lack of probable cause." (*Id.* at 7.)

## II.  EXHAUSTION

Because § 2241 "'applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the [pending case,]'" it is the proper vehicle for seeking habeas relief from pretrial detention. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (quoting *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)).  For a pretrial detainee to be eligible for relief under § 2241, he "must have exhausted his available state remedies" before seeking federal habeas relief.  *Dickerson*, 816 F.2d at 224.  This exhaustion requirement "was judicially created on federalism grounds to protect the state courts' opportunity to resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Curtis v. Garza Cnty. Jail*, No. 5:18-CV-00205-M-BQ, 2019 WL 5698802, at *1 (N.D. Tex. Oct. 8, 2019), *rec. adopted*, 2019 WL 5697895 (N.D. Tex. Nov. 4, 2019).

Exhaustion requires that a petitioner "present his claims in a procedurally correct manner" to "the highest court of his state." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).  In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals ("TCCA").  *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir.

1985). To challenge his pretrial detention, a detainee "must first file a pre-adjudication application for writ of habeas in the trial court under article 11.08 of the Texas Code of Criminal Procedure." *Curtis,* 2019 WL 5698802, at *2 (citing Tex. Code Crim. P. art. 11.08 (West 2008) and *Cotton v. Jefferson County*, No. 1:13CV267, 2013 WL 3367299, at *2 (E.D. Tex. July 3, 2013)). After the trial court has ruled on the application, the detainee may then seek review by "'direct appeal to an intermediate court of appeals (which is, in turn, subject to discretionary review by the Texas Court of Criminal Appeals).'" *Id.* (quoting *Ex parte Simpson*, 260 S.W.3d 172, 174 (Tex. App.—Texarkana 2008, no writ)). Exhaustion may be excused "only in those 'rare cases' where [the petitioner] can show 'exceptional circumstances of peculiar urgency' so impinge upon his due process rights that immediate federal court interference is mandated." *Hughes v. Ryan*, No. 2:18-CV-177-D, 2018 WL 6729654, at *1 (N.D. Tex. Nov. 16, 2018), *rec. adopted*, 2018 WL 6726550 (N.D. Tex. Dec. 21, 2018).

A federal district court may raise the lack of exhaustion sua sponte. *Shute v. State of Tex.*, 117 F.3d 233, 237 (5th Cir. 1997). It may dismiss without prejudice a federal petition for a writ of habeas corpus that contains unexhausted grounds for relief. *See, e.g.*, *Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by a petitioner before those claims are heard in federal court. *See Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Fulco indicates that he has not pursued to completion all state or administrative remedies relevant to his claims before filing this federal habeas action, and he provides no explanation for his failure to do so. (*See* Dkt. No. 13 at 2.) Additionally, a review of available public records shows that Fulco has not sought discretionary review by the TCCA on appeal of any unfavorable Article 11.08 ruling. *See* Case Search, http://search.txcourts.gov (last visited Dec. 15, 2025). Because Fulco has not presented his habeas claims to the TCCA in a procedurally correct manner, the highest court of the state has not had an opportunity to review them. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (holding that the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings").

Further, Fulco has not alleged or shown any "exceptional circumstances of peculiar urgency" to excuse the exhaustion requirement. *Hughes*, 2018 WL 6729654, at *1. He therefore is not entitled to habeas relief under § 2241 based on a failure to exhaust his available state remedies, and the Court should dismiss his amended § 2241 petition.

### III.  RECOMMENDATION

The Court should **DISMISS** the Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, received on December 11, 2025 (Dkt. No. 13), without prejudice for failure to exhaust state remedies.

**SO RECOMMENDED** on December 15, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).